**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MERRIGO LIFE LLC,

        Plaintiff,

        v.

THE INDIVIDUALS,
CORPORATIONS, LIMITED
LIABILITY COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED ASSOCIATES
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

**Case No.: 1:25-cv-02699**

**Judge Franklin U. Valderrama**

**Magistrate Judge Heather K.**

**McShain JURY TRIAL DEMAND**

## DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff Merrigo Life LLC ("Plaintiff")

against Defendant #1, TADESES, and using the Online Marketplace Accounts

identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff

having moved for entry of Default and Default Judgment against the defendants

identified on Schedule A attached hereto which have not yet been dismissed from this

case (hereinafter referred to as "Defaulting Defendant");

This Court having entered a temporary injunction; Plaintiff having properly

completed service of process on Defaulting Defendant, the combination of providing

notice via e-mail, along with any notice that Defaulting Defendant received from

domain name registrars and payment processors, being notice reasonably calculated

1

under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendant having failed to answer or appear in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark (the "Plaintiff's Trademark") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that Defaulting Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Plaintiff's Trademark. *See* Docket No. 14-3, which includes screenshot evidence confirming that Defaulting Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff's Trademark.

Plaintiff's Trademark is included in the below chart.

2

| Registration Number | Registered Trademark | Goods and Services |
|---|---|---|
| 6,965,921 | SUCCULENT | For Plush Decorative Accent Throw Pillows. |

This Court further finds that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of Illinois Unfair Competition common law, Illinois Consumer Fraud and Deceptive Business Practices Act.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Plaintiff's Trademark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or

supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff's Trademark, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendant, or in connection with the Defaulting Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com ("Amazon") (the "Third Party Provider"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which

4

Defaulting Defendant could continue to sell counterfeit and infringing goods using the Plaintiff's Trademark; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademark.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Provider as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademark.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of one hundred thousand dollars ($100,000.00) for willful use of counterfeit Plaintiff's Trademark on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendant, including without limitation, Amazon, PayPal, Inc. ("PayPal"), and Payoneer Global, Inc. ("Payoneer"), shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Stores from transferring or disposing of

any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Amazon, PayPal, and Payoneer, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Amazon, eBay, PayPal, and Payoneer, are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. Any online brand store accounts and their product IDs shall be transferred to Plaintiff by Third Party Providers, including Amazon.

9. The brand registry for TADESES shall be transferred to Plaintiff by Third Party Providers, including Amazon.

10. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses provided for Defaulting Defendant by third parties.

6

11.     The ten thousand dollar ($10,000.00) surety bond posted by Plaintiff, including

any interest minus the registry fee, is hereby released to Plaintiff or its counsel,

Dickinson Wright PLLC, 55 West Monroe Street, Ste 1200, Chicago, IL 60603.

The Clerk of the Court is directed to return the surety bond previously

deposited with the Clerk of the Court to Plaintiff or its counsel at Dickinson

Wright PLLC, 55 West Monroe Street, Ste 1200, Chicago, IL 60603.

This is a Default Judgment.

Date: July 30, 2025

_____
United States District Judge
Franklin U. Valderrama

## Schedule A – *Merrigo Life LLC v. The Individuals, et al.*

| Def. # | Merchant Name (Brand Name) | Merchant ID | Product IDs |
|---|---|---|---|
| 1 | TADESES | A23B8CLD2A9UU0 | B0B1VGN29B<br>B0B1VFJL5L<br>B0B1VF1MHK<br>B0B1VGDN54<br>B0B1VCZN84<br>B0BW75XZDQ<br>B0BW766JN1<br>B0BW76SDNY<br>B0BW773DFC<br>B0BW75ZTFM<br>B0BW76JJNK |